# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

JOSEPH F. ZENNER,

    Plaintiff,

v.

ANDREW M. SAUL, Commissioner of the Social Security Administration,

    Defendant.

CAUSE NO.: 4:16-CV-51-TLS-JEM

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Attorney's Amended Motion for an Award of Attorneys Fees Under 42 U.S.C. 406(b) [ECF No. 37], filed on September 25, 2019. For the reasons stated below, this Motion is GRANTED.

## BACKGROUND

On February 12, 2013, the Plaintiff filed his Title II application for a period of disability and disability insurance benefits, as well as a Title XVI application for supplemental security income, alleging disability beginning on April 11, 2011. January 16, 2018 Op. & Order 1, ECF No. 31. The Social Security Administration denied his initial application and his claim for reconsideration. *Id.* at 1–2. An ALJ also denied the Plaintiff's application, finding he was not disabled prior to his date last insured. *Id.* at 2.

On June 27, 2016, the Plaintiff filed a Complaint [ECF No. 1] in which he sought review of the denial of his benefits. On January 16, 2018, the Court reversed and remanded this case for further proceedings. January 16, 2018 Op. & Order 10. Ultimately, the Social Security

Administration issued a Notice of Award [ECF No. 35-3] in which it stated that the Plaintiff is entitled to past-due benefits in the amount of $119,996.00. *See* Notice of Award 5, ECF No. 35-3.

The Plaintiff filed a Motion for an Award of Attorneys Fees Under 42 U.S.C. 406(b) [ECF No. 35] on September 16, 2019, and an Amended Motion for an Award of Attorney's Fees Under 42 U.S.C. 406(b) [ECF No. 37] on September 25, 2019, requesting the Court award Plaintiff's counsel $29,999.00 in attorney's fees. This amount is based on the Retainer Agreement between the Plaintiff and his attorneys, where the Plaintiff agreed to pay his attorneys twenty-five percent of all past-due benefits. *See* Retainer Agreement for Legal Services 1, ECF No. 35–1. The Court previously awarded counsel $4,700 in fees pursuant to the Equal Access to Justice Act (EAJA), *see* March 30, 2018 Op. & Order, ECF No. 34, and counsel indicates that this amount will be refunded if fees are awarded pursuant to 42 U.S.C. § 406(b). *See* Pl.'s Am. Mem. Supp. of Mot. Award Attorney's Fees 6, ECF No. 37-1. The Defendant did not respond to the Plaintiff's motions.

## ANALYSIS

Plaintiff's counsel, subject to refunding $4,700.00 in EAJA Fees, requests $29,999.00 in attorney's fees pursuant to 42 U.S.C § 406(b). "The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see* 42 U.S.C § 406(b)." *Hoover v. Saul*, No. 1:16-CV-427, 2019 WL 3283047, at *1 (N.D. Ind. July 22, 2019) (citing *Culberston v. Berryhill*, 139 S. Ct. 517, 520 (2019)). "Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled." *Id.* (citing 42 U.S.C. § 406(b)(1)(A); *Gisbrecht v. Barnhardt*, 535 U.S. 789, 792 (2002)). "The reasonableness analysis considers the 'character of the representation and the results the representative achieved.'" *Id.* at *2 (citing

2

*Gisbrecht*, 535 U.S. at 808). Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Gisbrecht*, 535 U.S. at 808. Further, "an award of EAJA fees under 42 U.S.C. § 2412 offsets an award under § 406(b)." *Hoover*, 2019 WL 3283047, at *1 (citing *Gisbrecht*, 535 U.S. at 796).

In this case, the requested amount in attorney's fees is consistent with the contingency agreement. Retainer Agreement for Legal Services 1. Additionally, the amount requested, when considered with counsel's representation that "the undersigned law firm will not request any additional fees for work performed before the agency under § 406(a)," is reasonable. *See* Pl.'s Am. Mem. Supp. of Mot. Award Attorney's Fees 5. Counsel indicates that Keller & Keller LLP spent 25.7 attorney hours on this case, which results in an effective hourly rate of $1,167.28. *See* Itemization of Time, ECF No. 35-4. Such an hourly rate, although perhaps on the high-end, is reasonable given the contingent nature of this case. *See Heise v. Colvin*, No. 14-CV-739, 2016 WL 7266741, at *2 (W.D. Wis. Dec. 15, 2016) ("This results in an effective hourly rate of just over $1,100, appropriately high to reflect the risk of non-recovery in social security cases . . . ."); *Kolp v. Colvin*, No. 12-C-842, 2015 WL 4623645, at * 1 (E.D. Wis. Aug. 3, 2015) (approving an hourly rate of $1,118.44 per hour); *see also Vujnovich v. Colvin*, No. 2:10-CV-043, 2013 WL 1343553, at *3 (N.D. Ind. Apr. 1, 2013) ("Further, this district has awarded awards up to $1,000 per hour." (citing *Szanyi v. Astrue*, No. 2:04-CV-412 (N.D. Ind. Nov. 14, 2007))).

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Attorney's Amended Motion for an Award of Attorneys Fees Under 42 U.S.C. 406(b) [ECF No. 37] and DENIES as moot the Plaintiff's Attorney's Motion for an Award of Attorneys Fees Under 42 U.S.C. 406(b) [ECF No. 35]. The Court AWARDS attorney's fees under 42 U.S.C. § 406(b) in the amount of

$29,999.00. The Court ORDERS the Plaintiff's attorney to refund the $4,700.00 in EAJA fees previously awarded in this case.

SO ORDERED on April 8, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT